UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RHINA L. ORTIZ ALEMAN, | Case No. 2:11-cv-01033-KJD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Presently before the Court is Magistrate Judge George Foley, Jr.'s Findings and Recommendation (#25). Judge Foley recommended that Rhina L. Ortiz Aleman's ("Plaintiff") Motion to Remand (#23) be denied. Plaintiff filed the underlying motion (#23) and the acting Commissioner of Social Security ("Defendant") responded (#24). Plaintiff also filed an Objection to Judge Foley's Findings and Recommendation (#26).

I. Background

Plaintiff argues in both her initial motion to remand (#23 at 6) and her objection to Judge Foley's Findings and Recommendation (#26 at 7-8) that the Administrative Law Judge ("ALJ") erred by finding Plaintiff not disabled. Plaintiff asserts that the sedentary residual functioning capacity ("RFC") finding coupled with the testimony of Vocational Expert Jack Diamond ("Diamond") necessitated a disability finding. Plaintiff additionally argues that the ALJ was

required to take into account vocational expert testimony rather than relying on the Medical-Vocational Guidelines in determining whether Plaintiff was disabled. (#26 at 10).

### A. Brief Medical History

As early as 2006, Plaintiff claimed that she had been unable to work because she suffered from a wide variety of ailments such as: numbness on the right side of her body, severe headaches, lower back pain, depression, panic attacks, intermittent hearing loss, and blurred vision. AR 863, 809, 412, 381. Between 2006 and 2009, Plaintiff sought treatment from various doctors who gave her doctors' notes for one- or two-day absences on an intermittent basis, but never approved long-term absences from work. AR 863, 832, 854, 809. Plaintiff was referred to a variety of independent medical examiners to determine whether she was disabled. These examiners found that Plaintiff suffered from anxiety and affective disorders, but also found that she was physically capable of occasionally lifting twenty pounds, frequently lifting ten pounds, and could stand, walk, and sit for a total of six hours in an eight-hour workday. AR 460, 479. Also, her psychological examiner found that she could appropriately interact with the public, supervisors, and co-workers. AR 1234. Multiple doctors noted their concerns with Plaintiff's credibility in describing her ailments due to discrepancies between her medical claims and her medical test results. AR 472, 1231.

### B. Administrative Hearing

Plaintiff appeared at an administrative hearing in March 2012. Vocational Expert Diamond was questioned to assist the ALJ in determining whether there were opportunities for Plaintiff to perform past work given her medical condition(s). Diamond testified that Plaintiff's past occupations were categorized as medium-exertion occupations with the exception of casino buffet worker, which was a light-exertion occupation. AR 73. Then, the ALJ posed the following hypothetical to Diamond: "All right. Let me give you a 35-year old woman [who is] able to complete complex instruction and [has a] RFC of light work. If I said that she could do light work, can she do any of her past work?" Id. Diamond testified that she could do one of her past

positions, but that there were multiple other positions that could accommodate the hypothetical limitations and those positions existed in significant numbers in both the state and national economy. AR 74. Plaintiff's counsel then posed a separate hypothetical.

| | |
|---|---|
| Counsel: | Assuming an individual at the *full range of light work*, [] but had marked difficulties in maintaining social functioning and concentration, persistence and pace, would that allow for ability to perform any of the past work or any other work activity? |
| Diamond: | Could you give me some percentages or something that would be helpful? |
| […] | |
| Counsel: | Right. No, I mean if I said marked was equivalent to frequent in the sense of up to two-thirds of the day, they would have difficulty maintaining social functioning or concentration, persistence and pace, that would eliminate work activity correct? |
| Diamond: | You're correct - - it would. |
| Counsel: | And if I even dropped it down to an occasional basis, up to a third of the workday, not necessarily all the time, but adding up either an eight-hour workday or a five-day workweek, you know, a person would be *off task* with respect to concentration, persistence or pace or just not able to deal with others, whether coworkers or peers or supervisors on occasional basis, would that preclude work activity as well? |
| Diamond: | Yes, it would. |

AR 75 (emphasis added).

C. ALJ's Decision

In June 2012, the ALJ issued his decision, finding that Plaintiff was not disabled and possessed sufficient physical RFC to perform the full range of sedentary work. AR 19-20. The ALJ reached his conclusion by following the five-step process set forth in 20 C.F.R. § 404.1520(a)-(f). The ALJ determined that Plaintiff had severe impairments in the forms of depression, anxiety, and headaches. AR 9. However, the ALJ found that these impairments or

3

combination of impairments did not meet the standard set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 for someone to qualify as being disabled. AR 10. The ALJ found that Plaintiff had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1529, "except cannot climb ladders/ropes/scaffolds, and can only occasionally crouch and crawl." AR 11. The ALJ also limited Plaintiff to occasional contact with supervisors, co-workers, and the general public. Id. Then, after evaluating Plaintiff's age, education level, and past work, the ALJ used Medical-Vocational Rule 201.25 in conjunction with Social Security Ruling 85-15 to find that Plaintiff's limitations did not significantly erode the sedentary occupational base. AR 19. The ALJ also found that there are jobs Plaintiff could perform that exist in significant numbers in the national economy. Id.

In determining Plaintiff's work RFC, the ALJ gave a detailed account of Plaintiff's claims, symptoms, and medical treatment. AR 11-17. The ALJ offered Plaintiff "the maximum possible benefit" for both physical and mental components of the RFC. AR 18. The ALJ also set forth an extensive credibility determination in rejecting the severity of Plaintiff's subjective claims and testimony. AR 18.

II. Standard of Review

A district court engages in de novo review of the objections to the findings and recommendation of a magistrate judge. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989); 28 U.S.C. § 636(b)(1)(C) (2012). Review of an ALJ's decision is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Delmore v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). The court must look to the record as a whole and consider both adverse and supporting evidence. Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). If the evidence may be

open to more than one rational interpretation, the court is required to uphold the [ALJ's] decision. Moore v. Apfel, 216 F.3d 864, 871 (9th Cir. 2000) (quoting Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984)). The court may not substitute its judgment for that of the ALJ if the evidence can reasonably support either reversal or affirmation of the ALJ's decision. Flaten v. Sec'y of Health and Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995). Therefore, where the factual findings of the ALJ are supported by substantial evidence, the court must accept them as conclusive. 42 U.S.C. §405(g).

As part of the substantial evidence analysis, determining whether the vocational expert's responses to hypotheticals have evidentiary value requires that any hypothetical posed must include precisely those limitations which are supported by the record. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002). If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert has no evidentiary value. Gallant, 753 F.2d at 1456.

III. Discussion

Plaintiff argues in both her initial motion to remand (#23 at 6) and her objection to Judge Foley's Findings and Recommendation (#26 at 7-8) that the ALJ erred by finding Plaintiff not disabled. Plaintiff asserts that the sedentary residual functioning capacity ("RFC") finding coupled with the testimony of Vocational Expert Diamond necessitated a disability finding. Plaintiff additionally argues that the ALJ was required to take into account vocational expert testimony rather than relying on the Medical-Vocational Guidelines in determining whether Plaintiff was disabled. (#26 at 10).

There is no dispute regarding whether the ALJ applied the proper legal standard. Therefore, the principal question before the Court is whether the ALJ had substantial evidence for making his determination that Plaintiff should be categorized as having a sedentary RFC. There is substantial evidence that supports the ALJ's decision and Plaintiff has furnished little evidence undermining the ALJ's decision. The ALJ's report thoroughly documents the reasoning behind the ALJ's decision for finding that Plaintiff has a sedentary RFC. AR 11-18. Plaintiff's

physicians and Vocational Expert Diamond testified that she could perform light work and could interact with the public. However, the ALJ categorized Plaintiff as only able to perform sedentary work to give her the "maximum benefit of the doubt."[1] There is ample medical evidence that Plaintiff is capable of at least sedentary work and Plaintiff does not point to any detracting medical opinions, instead resting her entire case on the testimony of Vocational Expert Diamond.

The only evidence in the record that Plaintiff argues supports a disability finding is the testimony of Vocational Expert Diamond. Plaintiff points to her counsel's hypothetical as evidence that given the limitations found by the ALJ, there were no jobs for Plaintiff in the local or national economy. This argument fails for two reasons. First, Plaintiff's counsel's hypothetical specifically referred to light work. Because the question was referring to light work, the hypothetical is most reasonably seen as supporting the ALJ's decision that Plaintiff could not return to previous work and would have no bearing on the evidence of whether Plaintiff could perform sedentary work. Second, even if the Court credits Plaintiff's argument that the limitation itself was what mattered in the hypothetical, the limitation posed by Plaintiff's counsel contained assumptions not found in the record. The ALJ never found Plaintiff incapable of staying on task or incapable of dealing with others. Because those limitations were not found in the record, Plaintiff's counsel's hypothetical was improper and was correctly excluded by the ALJ. Therefore, the ALJ's decision was based on substantial evidence and the Court is required to uphold the ALJ's decision.

Plaintiff also claims that the sedentary RFC finding necessitates an automatic disability finding; however, the authorities cited for this proposition note that a sedentary work with limitations finding "does *not* by itself establish disability in all individuals." SSR 96-9P at 3 (SSA July 2, 1996) (emphasis added). Further, a limitation found for sedentary work "does *not*

---

[1] The Court notes that by giving Plaintiff the "maximum benefit of the doubt", the ALJ came perilously close to finding limitations that could not be supported by medical testimony as much of the medical testimony supported a *light* work finding and *no* limitations on contact with others. AR 18, 1234.

6

1  necessarily equate with a decision of [disability]." Id. at 1 (emphasis added). Thus, Plaintiff has
2  not produced adequate evidence or law to support her position.
3       Plaintiff finally argues that the ALJ improperly relied on the Medical-Vocational
4  Guidelines and should have instead relied on Vocational Expert Diamond's testimony in
5  determining Plaintiff's disability. However, the regulation cited by Plaintiff merely notes that
6  where there is a limitation on sedentary work "it *may* be *useful* to consult a vocational resource."
7  Id. at 7 (emphasis added). The ALJ was not required to find Plaintiff disabled and was not
8  required to consult a vocational resource. Therefore, the ALJ's use of the Medical-Vocational
9  Guidelines in determining Plaintiff's sedentary RFC was proper.
10      Accordingly, **IT IS HERBY ORDERED** that Magistrate Judge George Foley, Jr.'s
11 Findings and Recommendation (#25) are **ADOPTED** and **AFFIRMED**.
12      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (#23) is **DENIED**.
13      DATED this 27th day of May 2014.

_____
Kent J. Dawson
United States District Judge

7